UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-503-1M(1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| SIMBALA GORY | ) | |

The Grand Jury charges that:

## COUNT ONE

On or about December 1, 2015, in the Eastern District of North Carolina and elsewhere, the defendant, SIMBALA GORY, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by making a false statement under penalty of perjury regarding his naturalization application, that is:

a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had forced a minor child under 18 years of age to engage in vaginal intercourse, on or about June 1, 2009, in Guilford County, North Carolina.

b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime of sex offense - parental role, on or about June 1, 2009, in Guilford County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

1

## COUNT TWO

On or about April 4, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, SIMBALA GORY, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by willfully making a material misrepresentation under oath during his naturalization interview, that is:

  a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had forced a minor child under 18 years of age to engage in vaginal intercourse, on or about June 1, 2009, in Guilford County, North Carolina.

  b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime of sex offense - parental role, on or about June 1, 2009, in Guilford County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT THREE

On or about July 26, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, SIMBALA GORY, did knowingly procure his naturalization as a United States citizen contrary to law, by knowingly making a material misrepresentation causing his acquisition of citizenship, that is:

  a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had forced a minor child under 18 years of age to

2

engage in vaginal intercourse, on or about June 1, 2009, in Guilford County, North Carolina.

b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime of sex offense - parental role, on or about June 1, 2009, in Guilford County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT FOUR

On or about July 26, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, SIMBALA GORY, did knowingly procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant obtained Certificate of Naturalization # XXXXX8987 by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to law, in that:

a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had forced a minor child under 18 years of age to engage in vaginal intercourse, on or about June 1, 2009, in Guilford County, North Carolina.

b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime of sex offense - parental role, on or about June 1, 2009, in Guilford County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

## COUNT FIVE

On or about October 1, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, SIMBALA GORY, did knowingly apply for and attempt to procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant attempted to obtain a United States passport by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to law, in that:

   a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had forced a minor child under 18 years of age to engage in vaginal intercourse, on or about June 1, 2009, in Guilford County, North Carolina.

   b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime of sex offense - parental role, on or about June 1, 2009, in Guilford County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

## COUNT SIX

On or about October 1, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, SIMBALA GORY, did willfully and knowingly make a false statement in an application for a United States passport with the intent to secure the issuance of a passport under the authority of the United States for his own use contrary to the laws regulating the issuance of passports and the rules prescribed

4

pursuant to such laws, that is, in the application for such passport the defendant declared under penalty of perjury that he had not knowingly and willfully included false documents in support of the application, when in fact the defendant submitted Certificate of Naturalization # XXXXX8987, which the defendant knew to have been fraudulently procured by means of a false claim and statement, in that:

    a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had forced a minor child under 18 years of age to engage in vaginal intercourse, on or about June 1, 2009, in Guilford County, North Carolina.

    b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime of sex offense - parental role, on or about June 1, 2009, in Guilford County, North Carolina.

All in violation of Title 18, United States Code, Section 1542.

### COUNT SEVEN

On or about October 11, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, SIMBALA GORY, did knowingly procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant obtained United States passport # XXXXX7727 by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to law, in that:

5

Case 5:20-cr-00503-M   Document 1   Filed 11/05/20   Page 5 of 6

a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had forced a minor child under 18 years of age to engage in vaginal intercourse, on or about June 1, 2009, in Guilford County, North Carolina.

b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime of sex offense - parental role, on or about June 1, 2009, in Guilford County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

A TRUE BILL
**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 11-4-2020

ROBERT J. HIGDON, JR.
United States Attorney

*Sebastian Kielmanovich*
BY: SEBASTIAN KIELMANOVICH
Assistant United States Attorney